12-1123
Gurung v. Holder

BIA
Vomacka, IJ
A087 797 714

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of April, two thousand fourteen.

PRESENT:
>     PIERRE N. LEVAL,
>     REENA RAGGI,
>     SUSAN L. CARNEY,
>         *Circuit Judges.*

_____

SOM BAHADUR GURUNG,
>         *Petitioner,*

v.                                    12-1123
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>         *Respondent.*

_____

FOR PETITIONER:       Julie Mullaney, Mount Kisco, NY.

FOR RESPONDENT:       Stuart F. Delery, Acting Assistant Attorney General; Jennifer P. Levings, Senior Litigation Counsel; Carmel A. Morgan, Trial Attorney; John G. Rafter, Law Clerk; Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Som Bahadur Gurung, a native and citizen of Nepal, seeks review of a March 5, 2012, decision of the BIA (1) affirming the July 28, 2010, decision of Immigration Judge ("IJ") Alan A. Vomacka, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"); and (2) denying his motion to reopen and remand. *In re Som Bahadur Gurung*, No. A087 797 714 (B.I.A. Mar. 5, 2012), *aff'g* No. A087 797 714 (Immig. Ct. N.Y. City July 28, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 156 (2d Cir. 2005). As an initial matter, we are without jurisdiction to consider Gurung's

challenge to the denial of withholding of removal and CAT relief, as he failed to exhaust these claims before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

## I.  Adverse Credibility Determination

For applications such as Gurung's, governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim," so long as they reasonably support an inference that the applicant is not credible.  8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).  An omission in the applicant's testimony or supporting documents can also "serve as a proper basis for an adverse credibility determination."  *Xiu Xia Lin*, 534 F.3d at 166 n.3.  We "defer [ ] to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Id*. at 167.

In this case, the agency reasonably based its adverse credibility determination on Gurung's initial omission from his testimony of an incident in 2001 when Maoists attacked Gurung in his home, and inconsistencies between his statement and his testimony regarding his encounter with Maoists in the forest in 2006. In both his appeal to the BIA and before this Court, Gurung merely states that the discrepancies are minor, without any further explanation or discussion. The IJ, however, reasonably found the discrepancies to be material—and indicative that Gurung was not credible. Absent further explanation as to why a reasonable fact-finder would be compelled to conclude otherwise or to credit his testimony, Gurung fails to overcome the degree of deference we afford to an IJ's credibility findings. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Moreover, the agency reasonably gave limited weight to Gurung's corroborating evidence, including letters from the village development committee, the Maoists Victim Association, and the police, because the letters were written in August or September 2009 rather than contemporaneous to the events they described. *See Qin Wen*

4

*Zheng v. Gonzales*, 500 F.3d 143, 146-49 (2d Cir. 2007); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). Given the omission, discrepancies, and lack of credible corroboration, the totality of the circumstances supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.

## II. Motion to Remand

The BIA's denial of a motion to remand is held to the same substantive standard of review for motions to reopen and to reconsider. *Li Yong Cao*, 421 F.3d at 156. "The BIA has 'broad discretion' to deny a motion to remand grounded on new evidence," and accordingly, we review the BIA's denial of such a motion for abuse of discretion. *Id*. at 156-57 (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)). The BIA may deny motions to remand when a *prima facie* case for the relief sought is not established. *Id*. at 156. To establish a *prima facie* case, a petitioner has "the heavy burden of demonstrating . . . proffered new evidence [that] would likely alter the result in [his] case" and to "show a realistic chance" of obtaining relief upon reopening. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 168 (2d Cir. 2008) (internal quotation marks omitted).

In this case, Gurung submitted an August 2010 letter from his village's development office stating that Gurung had been threatened and attacked by Maoists, and his life remained in danger. Neither his motion to the BIA nor his brief to this Court explains either why this letter was previously unavailable, or how it affects the IJ's adverse credibility determination and establishes his *prima facie* eligibility for asylum. Moreover, the letter is very similar to a letter from the same village development committee, dated August 2009, that Gurung submitted as evidence in his initial proceedings before the IJ. Accordingly, the BIA did not abuse its discretion in denying Gurung's motion to remand. *See Li Yong Cao*, 421 F.3d at 156.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6